# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARGARET LEVINGS and JAMES LEVINGS,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| **vs.** ) | |
| ) | **CASE NO. _____** |
| **DIMONT & ASSOCIATES, LLC. and** ) | |
| **JPMORGAN CHASE BANK, N.A.,** ) | |
| ) | |
| **Defendants** ) | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| No. | Date Filed or Entered | Document |
|---|---|---|
| 2.1 | 12/29/2020 | Petition |
| 2.2 | 12/29/2020 | Summons issued to JPMorgan Chase Bank, N.A. |
| 2.3 | 12/29/2020 | Summons issued to Dimont & Associates, LLC |

# Exhibit 2.1



IN THE DISTRICT COURT OF LEFLORE COUNTY
STATE OF OKLAHOMA

DEC 29 2020

MELBA L. HALL, COURT CLERK
STATE OF OKLA.-LEFLORE COUNTY

MARGARET LEVINGS and JAMES LEVINGS,

Plaintiffs

Case No. CJ-20-204

vs.

DIMONT & ASSOCIATES, LLC. and
JPMORGAN CHASE BANK, N.A.,

DEMAND FOR JURY TRIAL

Defendants

## PETITION AND DEMAND FOR TRIAL BY JURY

Come now Plaintiffs, MARGARET LEVINGS and JAMES LEVINGS, through their attorney, Janet Roloff of Legal Aid Services of Oklahoma, Inc., and for their claims and demand for trial by jury against Defendants, DIMONT & ASSOCIATES, LLC. and JPMORGAN CHASE BANK, N.A., for malicious abuse of process, libel per se, violations of the Oklahoma Consumer Protection Act ("OCPA"), negligence, fraud and deceit, civil conspiracy and the intentional infliction of emotional distress and for Declaratory Judgment pursuant to 12 O.S. § 12-1651 and the OCPA, allege and state:

### PARTIES

1. MARGARET LEVINGS and JAMES LEVINGS ("the Levings"), are husband and wife and former residents of Leflore County, Oklahoma, and currently residents of Sequoyah County, Oklahoma.

1

2.  DIMONT & ASSOCIATES, LLC. ("DIMONT") is a foreign, for-profit corporation that conducts business in Oklahoma.

3.  JPMORGAN CHASE BANK, N.A. ("JPMORGAN"), is a national bank with its primary headquarters located in New York.

## JURISDICTION AND VENUE

4.  This is an action for damages and injunctive and declaratory relief including an award for costs and attorney's fees and for a judgment of punitive damages against DIMONT and JPMORGAN, jointly and severally, as compensation to the Levings for their damages and as a penalty for all of the wrongful acts described in this Petition.   All of the claims stated herein by the Levings are against both DIMONT and JPMORGAN who are accountable, responsible and answerable for all of their damages.

5.  The Court has jurisdiction over the parties and the subject of this cause and venue is proper in this jurisdiction on the basis of the citizenship and residency of the Levings, the conduct of business by DIMONT and JPMORGAN in the jurisdiction, and because the Levings suffered damages as a direct result of DIMONT and JPMORGAN's conduct of business described herein that occurred in Leflore County, Oklahoma.

## STATEMENT OF FACTS AND LAW

6.  Immediately before the events described herein, the LEVINGS and JPMORGAN entered into a written settlement agreement ("the settlement agreement") that was filed in and approved by the Bankruptcy Court of the Eastern District of Oklahoma.

7.  Pursuant to and in accordance with the terms of the settlement agreement, the Levings vacated their home of 38 years located at 703 Fuller Avenue, Pocola, Oklahoma and relinquished possession of the property to JPMORGAN on August 12, 2020.

8.  The following month, on September 16, 2020, DIMONT emailed a letter, attached and incorporated herein as Exhibit "A" to the Pocola Police Department addressed to the "Officer in Charge of Police Reports" reporting "THEFT and/or VANDALISM" of property at the 703 Fuller Avenue address.

9.  DIMONT emailed the September 16, 2020 letter on behalf of and in furtherance of a joint venture and de facto partnership that DIMONT has with JPMORGAN, who jointly committed the acts and omissions complained of herein and who each act on their own behalf and as the agent of the other.

10.  In the September 16, 2020 letter to the Pocola Police Department, DIMONT:

a.  identifies DIMONT as "a third party administrator handling hazard insurance claims on foreclosed homes on behalf of mortgage and loan servicing companies";

b.  characterizes JPMORGAN as "Victim (Client/Servicer)";

c.  reports that DIMONT is contacting the police to report "a loss caused by Theft and/or Vandalism" and "Damage…Theft of Range, Refrigerator" at 703 Fuller Avenue, Pocola, Oklahoma;

d.  reports an "Estimated Damage Amount" of $13,635.41;

e.  reports that "[t]he stolen…items are a part of the mortgage collateral and belong to the victim, JPMorgan" and

f.  asks the Pocola Police Department to "assign a case, incident report, or reference number regarding this notification".

3

11. In making the September 16, 2020 report to the Pocola Police Department, DIMONT did not disclose the existence of the settlement agreement or the fact that the Levings had just vacated the 703 Fuller Avenue property pursuant to the terms of that agreement.

12. DIMONT and JPMORGAN intentionally suppressed, withheld, omitted and failed to disclose the existence of the settlement agreement or the fact that the Levings had vacated the property in conformity with the terms of that agreement in the September 16, 202 report of crimes to the Pocola Police Department.

13. On or about September 24, 2020, the Chief of the Pocola Police Department contacted the Levings and made inquiries of Margaret Levings about the accusations of theft made by DIMONT in the letter.

14. The LEVINGS, who are elder and infirm, have been terrified and they are extremely embarrassed, anguished and anxious and they remain scared and frightened and worried about their credit ever since as a result of being questioned by the chief of the Pocola Police Department about DIMONT's criminal accusations, which are false.

15. DIMONT and JPMORGAN worked together to make the false accusations of criminal conduct about the Levings without investigation and solely for unlawful and unconscionable purposes.

16. Upon information and belief, DIMONT engages in a regular practice of signing and filing reports of theft and other crimes at residential properties across the entire United States as evidenced, in part, by the contents of the published reports identified below:

http://www.goshennews.com/news/police_news/police-news-investigation-underway-into-mans-injury/article_010cfe3c-d3ee-11e9-9732-13b50e528679.html - CRIMINAL MISCHIEF • Staff at Dimont Production reported to Goshen police Monday an act of criminal mischief to a house, 805 N. Greene Road, that was discovered March 27

http://www.patriotledger.com - Saugus Police log March 21 - At 9:08 a.m. Dimont & Associates faxed over a report to notify the department of a loss caused by theft and/or vandalism to a foreclosed property

http://www.pineisland-eagle.com - 2011/09/16 - Cape Coral police received a letter Thursday from Dimont & Associates to report cabinets and appliances taken from foreclosed home, the property management company requested that a police report be taken

http://city-countyobserver.com/wp-content/uploads/2019/04/20190404034923438.pdf

17. Oklahoma law makes the false report of a crime a misdemeanor.

18. Under 21 O.S. § 589A, it is "unlawful to willfully, knowingly and without probable cause make a false report to any person of any crime or circumstances indicating the possibility of crime having been committed, including the unlawful taking of personal property, which report causes or encourages the exercise of police action or investigation."

19. The conduct that DIMONT and JPMORGAN are engaged in described above violates 21 O.S. § 589A and was intended to harm the Levings by coercing the strong arm of the law to prosecute them for crimes based on malicious lies.

20. DIMONT and JPMORGAN's conduct at issue in this action, which constitutes the making of a false report to the police, is extreme and outrageous and was committed by them with the unlawful intent and illegal purpose of:

> a. obtaining criminal prosecution of the Levings;
>
> b. inflicting emotional distress on the Levings; and
>
> c. obtaining monetary gain through a false insurance claim.

21. DIMONT and JPMORGAN knowingly published false, defamatory and unprivileged statements in the September 16, 2020 letter to the Pocola Police Department associating and implicating the Levings in criminal acts.

22. DIMONT and JPMORGAN published the false statements in the September 16, 2020 letter to the Pocola Police Department with reckless disregard for Oklahoma law and

without any concern that the statements were false and would result in and cause the Levings to suffer.

23. DIMONT and JPMORGAN made the false report of crimes intending that the Pocola Police act in reliance on the misrepresentations and conduct a criminal investigation of and against the Levings.

24. The Pocola Police Department did rely, act and commence a criminal investigation upon DIMONT and JPMORGAN's false report of crimes.

25. The Levings have suffered economic and noneconomic damages as a direct and proximate result of the false crime report made by DIMONT and JPMORGAN and they have been humiliated and terrified having to deal with and answer to law enforcement about the baseless criminal accusations contained in the September 16, 2020 letter the Defendants sent to the local police.

26. DIMONT and JPMORGAN fabricated the crimes described in the September 16, 2020 letter and made a false report to law enforcement authorities anticipating that the Pocola Police Department would threaten the Levings with criminal prosecution and that DIMONT and JPMORGAN would collect on a false and fraudulent insurance claim.

27. The September 16, 2020 false report to the Pocola Police Department was made by DIMONT and by JPMORGAN intentionally.

28. The making and sending of the false report to the Pocola Police Department was reckless, negligent, knowing, malicious, gross, indifferent, extreme, outrageous and not part of any business practices, policies or procedures tolerated in civilized society.

6

29. DIMONT and JPMORGAN misused the privilege that is normally afforded to the reporting of crime and, through their acts and conduct as described, clearly exhibit a conscious disregard for the Levings and for their safety.

**COUNT 1– Malicious Abuse of Process**

The Levings reassert and reallege as if set forth word for word herein the contents of the statement of facts to support this claim against DIMONT and JPMORGAN.

30. DIMONT and JPMORGAN knew or should have known that the declarations contained in the September 16, 2020 letter to the Pocola Police Department were false reports of a crime.

31. DIMONT and JPMORGAN's acts and conduct at issue herein have no basis in law or fact and constitute the tortious and malicious abuse by them of the right to report a crime under the Oklahoma statute.

32. DIMONT and JPMORGAN engaged in the malicious abuse of their right under Oklahoma law to report a crime intending to cause harm to the Levings.

33. DIMONT and JPMORGAN falsely reported crimes intending and expecting to encourage the threat and direction of police action and investigation toward the Levings.

34. DIMONT and JPMORGAN intentionally distorted and manipulated the processes of law enforcement of the state to their own use for illegal purposes by making the false reports.

35. The Levings have suffered emotional harm and distress as a proximate result of Defendants' malicious abuse of the crime reporting process in Oklahoma for which they are entitled to compensation from DIMONT and JPMORGAN in the form of a judgment.

7

**WHEREFORE,** the Levings request this Court enter judgment against DIMONT and JPMORGAN for their damages, for attorney's fees and costs, and for such other and further relief as is deemed equitable or pursuant to law and to which the Levings proves themselves entitled.

## COUNT 2 – Libel Per Se

The Levings reassert and reallege as if set forth word for word herein the contents of their statement of facts to support this claim against DIMONT and JPMORGAN.

36.  DIMONT and JPMORGAN made false reports to law enforcement that are per se defamatory and unprivileged statements that have no legitimate basis in fact.

37.  The false reports presented the Levings in a false light, resulted in their being held in suspicion and dishonor and caused them to suffer emotional distress and damage to their reputation.

**WHEREFORE,** the Levings request this Court enter judgment against DIMONT and JPMORGAN, jointly and severally, for their damages, for attorney's fees and costs, and for such other and further relief as is deemed equitable or pursuant to law and to which the Levings prove themselves entitled.

## COUNT 3 – Violation of the Oklahoma Consumer Protection Act

The Levings reassert and reallege as if set forth word for word herein the contents of their statement of facts to support this statutory cause of action against DIMONT and JPMORGAN.

38.  The Levings are consumers and DIMONT and JPMORGAN are engaged in trade or commerce.

8

39. The Levings were subjected to law enforcement action and investigation as a direct consequence of the false report of crimes that DIMONT and JPMORGAN made to the Pocola Police Department and they were required to defend themselves from the Defendants' lies.

40. The acts and practices of DIMONT and JPMORGAN complained of herein are deceptive, deceitful and unconscionable causing damage to the Levings.

41. The Levings' credit has been slandered and negatively affected as a direct result of the Defendants' false report to the police.

42. The acts and practices at issue that DIMONT and JPMORGAN engaged in constitute unlawful practices under 15 O.S. § 753.

43. DIMONT and JPMORGAN claim, without legal right or basis in fact, through their false report to law enforcement, that the Levings are responsible for "a loss caused by Theft and/or Vandalism" at their former residence in an "Estimated Damage Amount" of $13,635.41.

44. DIMONT and JPMORGAN are intentionally claiming, attempting and threatening to enforce a fabricated consumer debt in violation of the OCPA by making the false report to the Pocola Police Department.

45. DIMONT and JPMORGAN's conduct, acts and practices complained of herein constitute deceptive trade practices that occurred in connection with a consumer transaction because the Levings' mortgage is a subject of the settlement agreement between the Levings and JPMORGAN.

46. The Levings were and are being damaged as a direct result of DIMONT and JPMORGAN's deceptive and unfair practices and the Levings seek injunctive and declaratory

9

relief and statutory and compensatory damages pursuant to the OCPA for the deceptive and unlawful trade practices complained of herein.

**WHEREFORE,** the Levings ask the Court to declare the business practices of DIMONT and JPMORGAN at issue herein, unlawful, unconscionable and in violation of the OCPA, for injunctive relief in the form of an order directing DIMONT and JPMORGAN to cease and desist from making false reports of criminal activity, for an award against DIMONT and JPMORGAN for their actual damages, civil penalties, statutory damages, for attorney's fees and costs and for any further relief to which this Court finds the Levings entitled.

**Count 4 – Negligence**

The Levings reassert and reallege as if set forth word for word herein the contents of the statement of facts to support this cause of action against DIMONT and JPMORGAN.

47. The acts and conduct of DIMONT and JPMORGAN described in this petition were negligent.

48. As a direct and proximate result of DIMONT and JPMORGAN's negligence, the Levings have been damaged and have suffered in body and mind.

**WHEREFORE**, the Levings request this Court enter judgment against DIMONT and JPMORGAN, jointly and severally, for their damages, for attorney's fees and costs, and for such other and further relief as is deemed equitable or pursuant to law and to which the Levings prove themselves entitled.

10

**COUNT 5 - Fraud and Deceit, Civil Conspiracy and Intentional Infliction of Emotional Distress**

The Levings reassert and reallege as if set forth word for word herein the contents of the statement of facts to support this cause of action against DIMONT and JPMORGAN.

49.  Due to the outrageous, malicious, reckless, and intentional nature of DIMONT and JPMORGAN's conspiratorial and fraudulent conduct, punitive damages are also being sought to enforce the public policy of Oklahoma against false reports to police, to preclude any benefit from accruing as a result of the repugnant conduct at issue, to deter this kind of lawbreaking in the future and to set an example for others.

**WHEREFORE**, the Levings request this Court enter judgment against DIMONT and JPMORGAN, jointly and severally, for their damages, for attorney's fees and costs, and for such other and further relief as is deemed equitable or pursuant to law and to which the Levings prove themselves entitled.

**Count 6 – Claim for Declaratory Judgment pursuant to 12 O.S. § 12-1651**

The Levings reassert and reallege as if set forth word for word herein the contents of the statement of facts to support this cause of action against DIMONT and JPMORGAN.

50.  Pursuant to 12 O.S. § 12-1651, this court has authority in this case to determine the Levings' rights and status under the OCPA.

51.  There is a substantial controversy between the Levings and the Defendants, parties who have adverse legal interests that are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by the Court.

52. Declaratory relief would serve a useful and important purpose in clarifying and settling the legal relations in issue, and would terminate and afford relief from the uncertainty, insecurity, and controversy arising from the false report of crimes that is the subject of this action.

53. The Levings seek injunctive and declaratory relief and actual damages pursuant to the OCPA as necessary and further relief for the deceptive and illegal acts and practices that DIMONT and JPMORGAN engaged in and directed against them.

54. The Levings are entitled to pursue and obtain relief in the form of a determination of their rights under Oklahoma law to be protected from the transmission of a fabricated report to the police of crimes that implicate them in criminal activity.

55. The Levings properly seek this determination of their rights as part of this Petition and the Court is authorized to grant appropriate declaratory relief against DIMONT and JPMORGAN to confirm and declare that, as a matter of law, DIMONT'S report to the police was false and intentionally fabricated to further an illegal venture.

56. The Levings are in doubt as to their legal right to be free from DIMONT and JPMORGAN's false accusations of crimes made to the police and request the Court declare their rights under Oklahoma law to be protected from the unlawful, deceptive and unfair acts and practices at issue in this petition and to declare that DIMONT and JPMORGAN's actions and conduct involved in making a false crime report to the police are contrary to applicable law.

57. The Levings have had to obtain legal counsel to prosecute this action and to secure declaratory relief from this Court against Defendants.

58. The Levings are entitled to recover all costs and attorney's fees as part of the determination of their rights by the Court.

12

**WHEREFORE,** the Levings demand declaratory, legal and equitable relief and they request that this Court issue a Declaratory Judgment that:

a. declares that the acts and practices of DIMONT and JPMORGAN related to false report to the police is unlawful and in violation of federal and state law; and

b. award the Levings judgment against DIMONT and JPMORGAN, jointly and severally, for their actual damages, attorney's fees and costs and award them any further relief to which this Court finds them entitled.

Respectfully submitted,

Janet D. Roloff, OBA #6564
Attorney for Plaintiffs James and Margaret Levings
Legal Aid Services of Oklahoma, Inc.
321 S. 3rd Street, Suite 6
McAlester OK 74501
Telephone 918.423.2030
Fax 918.423.2036
janet.roloff@laok.org

13

## VERIFICATION

**State of Oklahoma**
**County of LeFlore**

We, James Levings and Margaret Levings, after being first duly sworn upon oath, depose and state that we are the Plaintiffs in the above-entitled and numbered cause; that we have read the above Petition; that we know the contents thereof, and the matters and things therein set forth are true and correct to the best of our knowledge.

James Levings                                          Margaret Levings

Subscribed and sworn before me on this _17th_ day of _December_, 20_20_, by James Levings and by Margaret Levings.

Notary Public

(Seal)
DIAN CARLTON
NOTARY
# 17010732
EXP. 11/20/21
PUBLIC
STATE OF OKLAHOMA

14

# Exhibit 2.2

## IN THE DISTRICT COURT OF LEFLORE COUNTY
## STATE OF OKLAHOMA

MARGARET LEVINGS AND JAMES LEVINGS,

PLAINTIFFS,

vs                                                          Case No. _CJ-2020-204_

DIMONT & ASSOCIATES, LLC., and                 **DEMAND FOR JURY TRIAL**
JPMORGAN CHASE BANK, N.A.,

DEFENDANTS.

### S U M M O N S

To the above-named defendant: JPMORGAN CHASE BANK, N.A.
                            THE CORPORATION COMPANY
                            1833 S. MORGAN ROAD
                            OKLAHOMA CITY, OK 73128

You have been sued by the above-named Plaintiffs, and you are directed to file a written answer to the attached petition in the court for the above-titled case within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiffs. Unless you answer the petition within time stated, judgment will be rendered against you with the costs of the action.

Issued this 29th day of December 2020

                                  Melba L. Hall, Court Clerk

                                  By: _____

                                  Deputy Court Clerk
                                  100 S. Broadway
                                  Poteau, OK 74953

**Attorney for Plaintiffs:**
**Janet D. Roloff, OBA #6564**
**Legal Aid Services of Oklahoma, Inc.**
**321 S, 3rd Street, Suite 6**
**McAlester, OK 74501**
**Phone: (918) 423-2030**
**Fax: (918) 423-2036**

                                  (918) 647-3181

                            **S E A L**

This **summons** was served on this _____ day of _____, 20__.

By: _____

    *(Signature of person serving **summons**)*

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.   SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

## RETURN OF SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 20___, I
served this Summons together with the complaint herein as follows: _____

_____

_____

_____


_____

Officer

## RETURN OF SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage
prepaid, by registered return receipt or certified return receipt mail, a certified copy
of the summons and a copy of the complaint in Docket No. _____ to the Defendant,
_____. On the _____ day of _____, 20___, I
received the return receipt for said registered or certified mail, which has been signed by
_____ on the _____ day of _____, 20___. Said
receipt is attached to this original summons, and both documents are being sent herewith to the
clerk for filing.



_____

Plaintiff, Plaintiff's attorney, or other person authorized by statute to serve process



_____

_____ Notary Public or _____ Deputy Clerk

My Commission Expires: _____

# Exhibit 2.3

**IN THE DISTRICT COURT OF LEFLORE COUNTY
STATE OF OKLAHOMA**

**MARGARET LEVINGS AND JAMES LEVINGS,**

**PLAINTIFFS,**

**vs**

Case No. $\underline{C\ J-2020-204}$

**DIMONT & ASSOCIATES, LLC., and
JPMORGAN CHASE BANK, N.A.,**

**DEMAND FOR JURY TRIAL**

**DEFENDANTS.**

**S U M M O N S**

To the above-named defendant:   DIMONT & ASSOCIATES, LLC
CORPORATION SERVICE COMPANY
10300 GREENBRIAR PLACE
OKLAHOMA CITY, OK 73159-7653

You have been sued by the above-named Plaintiffs, and you are directed to file a written answer to the attached petition in the court for the above-titled case within twenty (20) days after service of this summons upon you, exclusive of the day of service.  Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiffs. Unless you answer the petition within time stated, judgment will be rendered against you with the costs of the action.

Issued this 29th day of December 2020

Melba L. Hall, Court Clerk

By: _____
Deputy Court Clerk
100 S. Broadway
Poteau, OK 74953
(918) 647-3181

**Attorney for Plaintiffs:**
**Janet D. Roloff, OBA #6564**
**Legal Aid Services of Oklahoma, Inc.**
**321 S, 3rd Street, Suite 6**
**McAlester, OK 74501**
**Phone: (918) 423-2030**
**Fax: (918) 423-2036**

**S E A L**

This **summons** was served on this _____ day of _____, 20__.

By: _____

    (*Signature of person serving **summons***)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.   SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

## RETURN OF SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 20___, I

served this Summons together with the complaint herein as follows: _____

_____

_____

_____

_____

Officer

## RETURN OF SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the ___ day of _____, 20___, I sent, postage

prepaid, by registered return receipt or certified return receipt mail, a certified copy

of the summons and a copy of the complaint in Docket No. _____ to the Defendant,

_____. On the _____ day of _____, 20___, I

received the return receipt for said registered or certified mail, which has been signed by

_____ on the ___ day of _____, 20___. Said

receipt is attached to this original summons, and both documents are being sent herewith to the

clerk for filing.

_____

Plaintiff, Plaintiff's attorney, or other person authorized by statute to serve process

_____

_____ Notary Public or _____ Deputy Clerk

My Commission Expires: _____